1  CATES PETERSON LLP
   MARK D. PETERSON (Bar No. CA 126174)
2  E-Mail: markpeterson@catespeterson.com
   4100 Newport Place, Suite 230
3  Newport Beach, California 92660
   Phone: (949) 724-1180
4  Facsimile: (949) 724-1190

5  *Attorneys for Defendant*
   Robert Titzer, Ph.D.
6

7

FILED
CLERK, U.S. DISTRICT COURT

JAN - 3 2011

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11 | TONDIA JOHNSON, on behalf of herself
   | and all persons similarly situated,
12 |
   |              Plaintiffs,
13 |
   |        vs.
14 |
   | YOUR BABY CAN, LLC, a California
15 | limited liability company; and ROBERT
   | TITZER, Ph.D., an individual, and DOES
16 | 1-100,
   |
17 |              Defendant.

No. **CV11·00027** GAF(AJWx)

NOTICE OF REMOVAL OF CIVIL
ACTION TO UNITED STATES
DISTRICT COURT UNDER 28 U.S.C.
§§ 1441 AND 1446

[Filed concurrently with:
(1) Certification as to Interested Parties;
(2) Civil Case Cover Sheet;
(3) Notice to Adverse Parties]

18

19        Defendant Robert Titzer, Ph.D. ("Titzer") hereby gives notice that he is

20 removing the captioned case, originally filed in the Superior Court of the State of

21 California for Los Angeles County, Case No. BC449863, to the United States

22 District Court for the Central District of California.  Titzer removes the case

23 pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, on the grounds set forth below.

24        1.    On December 8, 2010, plaintiff Tondia Johnson ("Plaintiff"), acting

25 individually and on behalf of a putative class of supposedly similarly situated

26 persons she seeks to represent, filed this action in Los Angeles County Superior

27 Court.

28

2.     On or about December 22, 2010, Plaintiff purported to serve Defendant Your Baby Can, LLC ("YBC") with a copy of the summons and complaint by handing them to a warehouse worker.  At that time, Titzer was made aware of the Complaint, but has not yet been served with a copy of the summons and complaint.  Removal of this action is therefore timely, in that Titzer has filed the notice of removal within 30 days of service of the summons and complaint.  *See* 28 U.S.C. § 1446(b).  The undersigned counsel of record certifies that YBC consents to the removal of this action.

3.     According to the docket for the Los Angeles County Superior Court for this action, the complaint, civil case cover sheet, and answers of defendant Your Baby Can LLC and Robert Titzer, Ph.D. constitute all process, pleadings, papers and orders filed in Los Angeles County Superior Court in this action within the meaning of 28 U.S.C. § 1446(a).  Copies of those documents received by Titzer are attached hereto as Exhibit A.

4.     The removal of this action terminates all proceedings in Los Angeles County Superior Court.  *See* 28 U.S.C. § 1446(d).

5.     Titzer removes this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. 1332(d), and 28 U.S.C. § 1453, on the grounds that (a) this action is a proposed "class action" as defined in 28 U.S.C. § 1332(d)(1)(B); (b) Plaintiff seeks to represent a putative class of consumers throughout the Untied States, including residents of states other than the State of California, which Plaintiff alleges consists of hundreds of thousands of persons, and (c) the alleged amount in controversy exceeds $5,000,000, exclusive of interest and attorneys' fees.

## Proposed Class Action

6.     Plaintiff alleges that this case is brought as a class action.  Plaintiff seeks to certify a class that consists of all persons who purchased the Your Baby Can Read! Early Language Development System ("YBCR") within the four-year

1  period prior to the filing of the Complaint. Complaint, ¶ 57. Plaintiff alleges that
2  nearly one million consumers have purchased YBCR, and "hundreds of thousands
3  of persons are members of the [proposed] Class." Complaint, ¶¶ 6, 33, 59. Plaintiff
4  seeks an award of injunctive relief in favor of Plaintiff and the other "Class"
5  members, as well as the return of all amounts paid by these persons for YBCR.
6  Complaint, ¶¶ 71, 81, 85. Therefore, this action is a proposed "class action" under
7  28 U.S.C. § 1332(d)(1)(B), defined as "any civil action filed under Rule 23 of the
8  Federal Rules of Civil Procedure or similar State statute or rule of judicial
9  procedure authorizing an action to be brought by 1 or more representative persons
10  as a class action." In accordance with 28 U.S.C. § 1332(d)(5)(B), the number of
11  members of the proposed plaintiff class in the aggregate is more than 100, based on
12  the allegations in the Complaint.

13  **Minimal Diversity**

14      7.      Under 28 U.S.C. § 1332(d)(2)(A), a district court may assert
15  jurisdiction over a class action in which "any member of a class of plaintiffs is a
16  citizen of a State different from any defendant." Such minimal diversity exists
17  among the parties in this case. Plaintiff is a Tennessee resident. (¶ 8.) Plaintiff
18  alleges that Defendants' marketed YBCR through "infomercials that have aired
19  thousands of times on television and radio stations throughout the United States,"
20  as well as through the Internet and print media. Complaint, ¶ 30-31. Plaintiff seeks
21  to represent a class that consists of "all persons who purchased Your Baby Can
22  Read! products within the four-year period prior to the filing of the Complaint"
23  (¶ 57), which necessarily includes persons throughout the United States in light of
24  Plaintiff's allegation regarding Defendants' nationwide marketing of YBCR.
25  Because at least one member of the proposed "Class" is a citizen of a State different
26  from Defendants, there is sufficient diversity among the parties to satisfy the
27  requirement of minimal diversity under 28 U.S.C. § 1332(d)(2)(A).
28

3

NOTICE OF REMOVAL OF CIVIL ACTION

## **Amount in Controversy**

8.     This is an "action in which the matter in controversy exceeds the sum or value of $5,000,000." 28 U.S.C. § 1332(d)(2). "In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6).

9.     Plaintiff seeks an order compelling Defendant to return all amounts paid to it by consumers of YBCR from November 18, 2006, through the present. Plaintiff alleges that the purchase price for YBCR range from $99.95 to $214.90 per product. Complaint ¶19. Plaintiff also alleges that Defendants have generated $90 million in annual revenue in connection with the sale of Your Baby Can Read! products. Complaint ¶6. Based on the allegations in the Complaint, this case easily meets the $5 million amount in controversy threshold for CAFA jurisdiction. Titzer denies the allegations in the Complaint, and denies that Plaintiff or any putative class will be able to recover any damages or restitution. But Plaintiff's allegations establish that Plaintiff seeks to recover hundreds of millions of dollars of restitution.

10.     Plaintiff also seeks injunctive relief requiring Defendants to cease pursuing unspecified policies, acts and practices, as well as requiring Defendants to undertake an immediate public information campaign to inform members of the general public regarding unspecified practices of Defendants and notifying members of the proposed Class as to the presence of potential restitutionary relief. Complaint, ¶ B, C. The value of the injunctive relief sought must also be considered in determining the amount in controversy. *Cohn v. Petsmart, Inc.,* 281 F.3d 837, (9th Cir. 2002) (the court solely looked to the value of the injunctive relief sought to determine the amount in controversy in affirming removal).

11.     In sum, the alleged aggregated monetary and injunctive relief that Plaintiff seeks exceed the $5,000,000 amount in controversy required to establish

4

1  federal jurisdiction under CAFA.

2                              **Removal is Proper**

3         12.    Pursuant to 28 U.S.C. § 1453, a suit over which a district court would

4  have original jurisdiction under CAFA may be removed to federal court from state

5  court, as provided by 28 U.S.C. § 1441(a).  Therefore, Titzer is entitled to remove

6  the instant action to this Court, because the Court could have asserted original

7  jurisdiction over the case.

8         13.    Los Angeles County Superior Court lies within the Central District of

9  California.  Accordingly, removal to this district is proper.  *See* 28 U.S.C.

10  § 1441(a).

11        14.    Written notice of the filing of this Notice of Removal and the removal

12  of the state court action is being delivered to Plaintiff through her counsel of record.

13  A copy of this Notice of Removal will be filed promptly with the Clerk of the Los

14  Angeles County Superior Court, as required by 28 U.S.C. § 1446(d).  Titzer

15  attaches as Exhibit B to this Notice a copy of the notice to be filed with the state

16  court (absent its exhibits).

17        15.    Plaintiff alleges that defendant Your Baby Can Read LLC has waived

18  the right to remove this action to federal court.  Titzer lacks information sufficient

19  to form a belief as to the truth of that allegation.  But Titzer has not waived the right

20  to remove this case to federal court.

21        WHEREFORE, Titzer respectfully gives notice that the above-entitled action

22  is removed from the Los Angeles County Superior Court to the United States

23  District Court for the Central District of California.

24  Dated:     January 3, 2011

25                              By: *Mark Peterson*

26                              Mark D. Peterson
                                Cates Peterson LLP
27                              *Attorneys for Defendant*
                                Robert Titzer, Ph.D.

28  300195539.1

NOTICE OF REMOVAL OF CIVIL ACTION

# EXHIBIT A

Complex
90012
A6029

1   MARC G. REICH (159936)
    mgr@reichradcliffe.com
2   ADAM T. HOOVER (243226)
    adhoover@reichradcliffe.com
3   *REICH RADCLIFFE & KUTTLER LLP*
    4675 MacArthur Court, Suite 550
4   Newport Beach, CA 92660
    Telephone: (949) 975-0512
5   Facsimile: (949) 975-0514
    mgr@reichradcliffe.com
6
7   *Attorneys for Plaintiff*

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

DEC 08 2010

John A. Clarke, Executive Officer/Clerk
By_____, Deputy
AMBER LAFLEUR-CLAYTON

D324 Emilie Elias

8
9           SUPERIOR COURT OF THE STATE OF CALIFORNIA
10
11          COUNTY OF LOS ANGELES – STANLEY MOSK COURTHOUSE
12                          UNLIMITED CIVIL        B C 4 5 0 9 0 7

13   TONDIA JOHNSON on behalf of herself and all )   CASE NO.
     other persons similarly situated,           )
14                                                )   **CLASS ACTION COMPLAINT**
15   Plaintiffs,                                  )
                                                  )
16          v.                                    )   **JURY TRIAL DEMANDED**
                                                  )
17   YOUR BABY CAN, LLC, a California limited     )
     liability company; and                      )
18   ROBERT TITZER, Ph.D. an individual, and      )
     DOES 1-100,                                  )
19                                                )
20          Defendants.                           )
                                                  )
21
22
23
24
25
26
27
28

                    CLASS ACTION COMPLAINT

CIT/CASE: BC450907 LEA/DEF#:
RECEIPT #: CCH503057068
DATE PAID: 12/08/10 02:41:43 PM
PAYMENT: $395.00
RECEIVED:
          CHECK:
          CASH:         395.00
          CHANGE:
          CARD:                   0310

CIT/CASE: BC450907 LEA/DEF#:
RECEIPT #: CCH503057069
DATE PAID: 12/08/10 02:42:24
PAYMENT: $550.00
RECEIVED:
          CHECK:
          CASH:        550.00
          CHANGE:
          CARD:

**EXHIBIT A**
**PAGE 6**

1    Plaintiff, by her attorneys, alleges upon personal knowledge as to her own acts, and as to all

2  other matters upon information and belief based upon, *inter alia*, the investigation made by and

3  through her attorneys.

4                        <u>**SUMMARY OF ACTION**</u>

5    1.    This is a class action brought by Tondia Johnson ("Plaintiff") against defendants

6  Your Baby Can, LLC ("YBC"), Dr. Robert C. Titzer, Ph.D ("Dr. Titzer") and Does 1-100

7  (collectively "Defendants") on behalf of a proposed class (the "Class") of all consumers who

8  purchased any of Defendants' Your Baby Can Read! series of child educational products (the

9  "Your Baby Can Read! System").  Defendants' marketing and promotion of the Your Baby Can

10  Read! System relies on false and misleading claims about the product's efficacy and the findings of

11  the early development research community.

12    2.    Defendants claim that the Your Baby Can Read! System will have a positive and

13  permanent effect on a child's life.  Defendants further state that the program can teach infants as

14  young as ***three months old*** to read by as early as ***nine months old***.  Defendants attribute this to a

15  child's short window of opportunity to develop language skills at an early age and maintain that a

16  child who misses that window of opportunity to learn how to read may fall behind.

17    3.    Prominent members of the child development community have argued that products

18  such as the Your Baby Can Read! System are marketed and sold to parents who want to do

19  everything they can to give their infant children a head start on life and that unscrupulous

20  marketers prey on this vulnerability.  For example, in April 2000, Matthew Melmed, Executive

21  Director of the non-profit National Center for Infants, Toddlers and Families, noted:

22       We do know . . . the types of experiences and relationships a baby has in the first
         few months and years of life are critically important ... But to translate that research
23       into specific products to boost babies' brainpower is really an abomination--a
         commercial abomination.
24

25    4.    Defendants have taken this "commercial abomination" to a new level by making,

26  among others, the following false and misleading representations in their advertising and marketing

27  materials:

28                                      2
                        **CLASS ACTION COMPLAINT**

EXHIBIT A
PAGE 7

- The Your Baby Can Read! System can teach your three-month old child to read by the time the child is only nine months old;
- The Your Baby Can Read! System can enhance your child's learning ability;
- The Your Baby Can Read! System is an appropriate tool for teaching your infants with Down's syndrome or autism to read from a very young age;
- The Your Baby Can Read! System can prevent your child from developing dyslexia and other learning disabilities;
- The earlier your child learns to read the better reader your child will be;
- If your child starts school with an advantage they will keep that advantage all the way through school and vice versa; and
- By learning to read early, your child will have more self-esteem and will be more likely to stay in school.

5.     While Defendants maintain that numerous scientific studies support the use of the Your Baby Can Read! System, no such studies exist.  Indeed, child development experts from Tufts, Harvard, New York University, Cornell, University of Pennsylvania, Case Western Reserve, and other esteemed universities have described Dr. Titzer's claims as false and misleading, "an extraordinary manipulation of facts," and that those claims "raises false expectations."  The unanimous consensus of these experts is that children using the Your Baby Can Read! System are not reading at all, but memorizing the shapes of letters.  These experts note that there is no evidence that learning to memorize images of words can make a child a better reader or that learning to read at an early age can increase a child's chances for success later in life.

6.     Defendants have perpetrated this hoax on nearly one million consumers, preying *upon the vulnerabilities of parents desperate to give their children a head start on life.*  Defendants have generated $90 million in annual revenue and spent nearly $37 million to disseminate their false and misleading claims in a television radio, print and internet campaign featuring Dr. Titzer, YBC's founder and spokesman for the Your Baby Can Read! System.

7.     As detailed herein, Plaintiff brings this action for restitution and injunctive relief for misrepresentations made by Defendants in the marketing, advertising and sale of the Your Baby Can Read! System under the *California Business & Professional Code* (the "UCL"), the *California Consumer Legal Remedies Act* ("CLRA"), breach of contract and unjust enrichment.

CLASS ACTION COMPLAINT

EXHIBIT A
PAGE 8

## PARTIES

8.     At all relevant times hereto, plaintiff Tondia Johnson was a citizen of the State of Tennessee.   Plaintiff Johnson purchased the Your Baby Can Read! System from Defendants' telephone customer service line in early 2009.

9.     Defendant Your Baby Can, LLC is a California limited liability company with its principal offices located at 1958 Kellogg Avenue, Carlsbad, CA 92008.  YBC is a developer and distributor of programs for early reading and other skills development for children.

10.     Defendant Robert C. Titzer is an individual residing in Bonsall, California.  Dr. Titzer is the founder and spokesperson for the Your Baby Can Read! System.

11.     The true names and capacities (whether individual corporate or otherwise) of Defendants Does 1-100 (the "Doe Defendants"), inclusive are unknown to Plaintiff.  Therefore, Plaintiff sues those Defendants by such fictitious names pursuant to *California Code of Civil Procedure* §474. Plaintiff also alleges that each fictitiously named defendant is in some manner responsible for the acts and occurrences alleged herein.  Plaintiff will seek leave of this Court to amend her complaint to state the real names and capacities of said fictitiously named defendants when the same have been ascertained.  Plaintiff is informed and believes, and on that basis alleges, that the fictitiously named defendants proximately caused them damages.

12.     YBC, Dr. Titzer and Does 1-100 are collectively referred to as "Defendants." Plaintiff is informed and believes, and thereon alleges, that each of the defendants named herein, including those defendants named as Doe Defendants, acted as the agent, employee, representative partner, joint venturer, or co-conspirator of each of the other defendants named herein in the commission of the acts and omissions to act alleged herein, and acted within the course and scope of his, her, or its duty as such agent, employee, representative, partner, joint venturer, or co-conspirator.   The acts of each such defendant were authorized and/or ratified by each other defendant, and together constitute a single and continuing course of conduct.

4

**CLASS ACTION COMPLAINT**

EXHIBIT A
PAGE 9

## JURISDICTION AND VENUE

13.   This Court has subject matter jurisdiction over this class action.  This Court has personal jurisdiction over the parties because Defendants reside in California, Defendants have systematically and continually conducted business throughout the State of California and because pursuant to *California Civil Code* §410.40, the parties have contracted to have *any* disputes determined by the California Courts.  The Terms and Conditions to which Plaintiff's claims are subject provide that "the parties irrevocably submit to the jurisdiction of [this] court and waive all objections thereto."

14.   Venue is proper in this Court because Defendants agreed to be sued in this County and no other.  The Terms and Conditions to which Plaintiff's claims are subject provide that "[a]ny action to enforce or interpret them shall be brought and maintained exclusively in the Superior Court of the State of California in Los Angeles."  In addition, Defendants conduct business throughout the State of California, including Los Angeles County, and a substantial portion of the transactions that underlie the claims in this action arose in this County.

15.   Federal court subject matter jurisdiction over this action does not exist.  Diversity of citizenship does not exist.  Plaintiff asserts no federal question and/or violations of federal law in this Complaint.  Plaintiff's individual claims do not exceed $75,000.  In addition, the Terms and Conditions to which Plaintiff's claims are subject provide that the parties "waive the right to remove such action to a Federal District Court."

CLASS ACTION COMPLAINT

EXHIBIT A
PAGE 10

**FACTUAL ALLEGATIONS**

A.    <u>The Your Baby Can Read! System</u>

16.    The Your Baby Can Read! System is described by Defendants as a multi-sensory technique to teach babies and children to read. The term "multisensory" refers to the practice of teaching through multiple sensory channels. Defendants maintain that the multisensory system enhances a child's brain development providing short term and long term benefits to infants by creating additional connections in the brain. The Parents' Guide included with the product notes, "since there is more neuroplasticity (the ability of the brain to change or modify based on the environment) early in life, it is possible that the brain will develop more efficiently for reading, so the child could read as naturally as the child understands spoken language." Moreover, Dr. Titzer has said, "[i]nfants have tens of thousands of new brain connections forming every second, many going from the different sensory areas of the brain. The more elaborate the connections made in their brains, the deeper their learning will be." The Parent's Guide also tells parents that the earlier a child learns to read, the better the child generally reads.

17.    When using the Your Baby Can Read! System, parents are instructed to: 1) have their children watch the same thirty minute video featuring the same sixteen words once or twice per day; 2) repeatedly review the same sixteen words on flash cards with their children; and 3) repeatedly read and point to those same sixteen words from books for a period of one to two months before repeating the process with another series of words.

18.    From 1997-2007, Dr. Titzer began selling $15.00 videos to parents under the Your Baby Can Read! trade name. He also published a series of modestly priced books for sale to parents.

19.    Since 2008, the Your Baby Can Read! System has been sold on Defendants' website and by telephone as a deluxe package consisting of books, DVDs and flashcards for children as well as an instructional DVD and book for parents. This version of the Your Baby Can Read! System currently sells for $199.95 or for $214.90 in four installments. The product also comes

6

CLASS ACTION COMPLAINT

EXHIBIT _A_

PAGE ___//___

1  with a purported 30-day risk free guarantee.  Defendants also sell a version of the My Baby Can

2  Read! System in retail stores without for $99.95.

3  **B.    The Early Years 1997- 2007**

4         20.    Dr. Titzer claims to have developed the Your Baby Can Read! System working not

5  in a laboratory, but in his own home.  His two subjects were his own daughters.  Remarkably, Dr.

6  Titzer maintains that by the time his daughters were four years old they were able to read much

7  better than he was and better than the college level students that he was teaching at the time.

8         21.    Since at least 1997, Dr. Titzer has been marketing various incarnations of the Your

9  Baby Can Read! System, selling books, DVD's and videotapes on the internet and at seminars in

10  community centers, libraries and baby stores.

11         22.    Though Defendants present Dr. Titzer as an "infant learning expert" whose work

12  has been published in scientific journals, including *Psychological Review*, this description is false

13  and misleading.  Dr. Titzer is not a qualified expert in reading development.  He holds a Ph.D. in

14  Human Performance, the study of motor skills.  Likewise, all of the published articles that list Dr.

15  Titzer as a co-author concern motor skills, not reading development.  Indeed, Robert Bjork,

16  Professor at UCLA and the editor of the *Psychological Review* noted in 1998 that Dr. Titzer's

17  article had nothing to do with infant reading and presciently expressed concern about Dr. Titzer's

18  recent entrepreneurial venture, remarking, "[a]nxious and ambitious parents are easy prey for the

19  latest educational fad."

20         23.    In 2003, Dr. Titzer appeared on a Showtime Channel series hosted by the magicians,

21  comedians and charlatan debunkers known professionally as Penn & Teller.  In an unintentionally

22  comedic performance, Dr. Titzer failed to demonstrate the efficacy of the Your Baby Can Read!

23  *System on a pair of seemingly non-disabled three-year old twins who had been watching* Dr.

24  Titzer's video for the preceding two and a half years.

25         24.    While Dr. Titzer claimed to have sold over 100,000 copies of his $15.00 videos by

26  2003, it appears that at first, business was less than booming.  Between 2000 and 2004, Dr. Titzer

27  worked as a teacher of high school math and middle school social studies.

28

---

7

**CLASS ACTION COMPLAINT**

EXHIBIT A
PAGE 12

25.     After 2004, Dr. Titzer began making increasingly outrageous claims about the efficacy of his program and false claims about the scientific support for his program and the scientific literature in general.  In one 2007 interview, Dr. Titzer claimed that extensive research supported the success of his program and commented, "[t]here are long term studies that show that the earlier a child is taught to read the better, even when controlling for IQ and socioeconomic status."

26.     On the basis of his false and misleading claims about the Your Baby Can Read! System, Dr. Titzer became a rising star in the commercial infant learning product industry, where the rules of scientific scrutiny do not apply.  From 2005 to 2007, Dr. Titzer describes his employment as a paid keynote speaker for corporations, baby expos and conventions.  During this time, Dr. Titzer also worked as a private consultant to parents who wanted to give their children a head start on their education.

**C.    The Marketing Blitzkrieg 2007 - Present**

27.     After ten years of marginal success trying to market the Your Baby Can Read! System on his own, Dr. Titzer proceeded to disseminate his false and misleading claims to a wider marketplace and in the process, raised the cost of his system thirteen fold - from $15.00 to $199.95 for the new deluxe version.

28.     In August 2007, Dr. Titzer participated in the formation of YBC.

29.     In April 2008, Dr. Titzer and YBC launched a ubiquitous media campaign to promote the Your Baby Can Read! System through television and radio infomercials, on the internet, and in print media.  Since that time Defendants have spent more than $37 million on advertising in the promotion and marketing of the Your Baby Can Read! System and a related program called "Your Baby Can Learn."

30.     Defendants' marketing campaign has consisted in large part of infomercials that have aired thousands of times on television and radio stations throughout the United States.  The infomercials direct viewers to Defendants' website (www.yourbabycanread.com) to order the product online and to a customer service telephone number where they can order by phone.

8

CLASS ACTION COMPLAINT

EXHIBIT _A_
PAGE_ 13

31.     According to Infomercial Monitoring Service, Inc., an organization that monitors both the frequency with which infomercials air on cable and satellite services across the country and the gross expenditures for that airtime, the Your Baby Can Read! System infomercials have regularly ranked among the top 25 in the country.

32.     In September 2010, YBC was the recipient of the Direct Response Marketing Alliance's, Marketer of the Year Award for its success in marketing the Your Baby Can Read! System. The two runners up for the award were the makers of the Shake Weight® Brazilian Booty Workout and the "New Body Shaper" posture-improving girdle.

33.     The commercial success of Defendants' infomercials has resulted in increased traffic on Defendants' website, increased demand for Dr. Titzer's personal appearances and most importantly, astronomical sales for the Your Baby Can Read! System. Since its formation YBC claims to have sold nearly one million units of the Your Baby Can Read! System generating annual revenues of $90 million.

34.     The financial success of the product was achieved through the false and misleading statements made in Defendants' advertising materials in perpetuation of the elaborate hoax on parents across the country.

1.     **The Your Baby Can Read! Website**

35.     Visitors to Defendants' website are greeted with a video in which an announcer makes the following remarkable claims about the Your Baby Can Read! System:

> A baby's brain craves stimulation and develops at a phenomenal pace: nearly 90% developed during the first five years of life. Seize this small window of opportunity before it closes. To enhance your child's learning ability with the Your Baby Can Read! early language development system. Your Baby Can Read! isn't just another reading program. It's a remarkable learning system which will have positive and permanent affects in your child's life. The best and easiest time to learn a language is during the infant and toddler years when the brain is creating thousands of synapses or connections allowing a child to learn both the written and the spoken word at the same time.

****

9

CLASS ACTION COMPLAINT

EXHIBIT A
PAGE 14

Remember, your child has tens of thousands of new brain connections forming every second. While watching Your Baby Can Read!, those connections now have even more value. Over time, these billions of powerful connections give your child the tools for increased communication, enhanced learning and overall confidence giving them the edge they'll need for a better education and career success.

36.    Those claims are parroted by a host of the video clip who concludes with the following:

*This incredible program has truly changed the lives of thousands of parents and their children. It demonstrates the importance of giving your child the tools early in life so they can enjoy life long opportunities for success. Thanks for watching.*

37.    Defendants' website also includes text making similar claims and adding the following:

Studies prove that the earlier a child learns to read, the better they perform in school and later in life. Early readers have more self-esteem and are more likely to stay in school.

**\*\*\*\***

With the Your Baby Can Read! Deluxe Kit, you'll get a complete set of tools to unlock your child's reading potential.

**\*\*\*\***

Contains everything you need to help your child succeed!

2.    **The Your Baby Can Read! Infomercials**

38.    Like Defendants' website, the infomercials make similar outlandish false and misleading claims about the efficacy of the Your Baby Can Read! System:

HOST:            Imagine your five year old reading junior high school level books. Imagine the head start this child would have on life. Finally, imagine all of this happening naturally - with smiles and laughter. And most importantly, with zero stress. Is this too amazing to be true? Are you skeptical? Because what I am about to show you will absolutely *astonish you. Your baby can read.*

**\*\*\***

HOST:            Imagine the head start that your child will have on life and happiness and their education. As a parent sitting there listening to me, I can't imagine that you don't want the best for your child. Your baby can read.

10

CLASS ACTION COMPLAINT



EXHIBIT A

PAGE 15

39.     Even more disturbing, the infomercials also include false and misleading statements that the Your Baby Can Read! System can teach infants with Down's syndrome and autism how to read.  With respect to these claims the infomercial includes the following exchange:

DR. TITZER:   If a child does not learn language skills, how to read, until later in life, there are long term studies showing that fewer than one in eight ever catch up to reading at grade level again.  There are also other studies showing that the earlier a child is taught to read the better the child reads.

I can tell you this, teaching them to read early in life opens up the door for all other types of learning.

HOST:   Literally can any child learn to read?

DR. TITZER:   If you start early in life then any child should be able to learn written language, within reason, of course there are always going to be few children here and there with severe learning disabilities.

We have many examples of children who had learning disabilities or we have children with autism who have used our program.  We have children with Down's syndrome who have used our program and some of the most touching letters that I've ever gotten were from parents where for instance, ah an 18 [choking up], an 18-year month old baby with Down's syndrome could read the words.

HOST:   That's amazing.

DR. TITZER:   And, um, it just changes the child's life [choking up].  I'm sorry.

HOST:   So do you think then that with learning to read at an early age that would actually help prevent learning disabilities from coming up later on?

DR. TITZER:   Yes.

3.     **Dr. Titzer's Public Hucksterism**

40.     Dr. Titzer has made similar false and misleading claims about the state of developmental research and the efficacy of his product in public appearances and interviews in order to promote the Your Baby Can Read! System.

41.     For example, in one interview Dr. Titzer has claimed that his program can prevent learning disabilities like dyslexia:

For dyslexia, the most common reading disorder, a lot of the children do not look at words from left to right.  [The YBCR DVDs] can help prevent that problem, because they're being taught, as babies, to look at words from left to right.

11

CLASS ACTION COMPLAINT

EXHIBIT A
PAGE 16

42.    In a November 2010 appearance on NBC's Today Show with interviewer Jeff Rosen, Dr. Titzer claimed that numerous scientific studies support the use of the Your Baby Can Read! System, but failed to produce a single such study. A transcript of that show reads as follows:

> DR. TITZER:        We have a book full of studies that support the use of our program. It's literally thicker than this.
>
> JEFF ROSEN:        Can you provide us that research?
>
> DR. TITZER:        Yes. Yes, I can.
>
> JEFF ROSEN:        But instead of published research on Your Baby Can Read!, he sent us this customer satisfaction survey conducted by his own company, along with general studies about child learning that experts we spoke to say he's twisting and taking out of context.

## D.    The Outrage of the Developmental Learning Community

43.    Defendants' outrageous claims about the Your Baby Can Read! System have earned the scorn of education professionals in the developmental learning community.

44.    On the Penn & Teller exposé, Dr. Robert Needlman, M.D., who was an Associate Professor of Pediatrics, Case Western Reserve University, School of Medicine  explained that Dr. Titzer's claims stem from a basic misunderstanding of a child's first three years:

> There's a lot of hype that says that children have to be exposed to all sorts of things or else they'll be crippled for life and that's simply not true. It's based on a misunderstanding of the scientific data. It does not mean that more and more structured and more school-like learning early on is helpful for children and it simply isn't.
>
> I am a huge believer in reading aloud to young children from a very early age, not to teach them to read early. The child who reads at age three or four is not necessarily going to do better in life than a child who reads at age five or six.
>
> [Parents] shouldn't kid themselves into thinking that this experience is somehow wonderfully stimulating for their baby. It isn't.

45.    Moreover, the Today Show exposé questioned ten child development experts from the country's top universities and organizations about Defendants' claims and the message was universal: *These children are not reading, they are merely memorizing the shapes of the words.*

12

CLASS ACTION COMPLAINT



EXHIBIT A
PAGE 17

1    46.    Nonie Lesaux, Ph.D., Associate Professor of Human Development and Urban

2  Education Advancement at the Harvard University Graduate School of Education, said it's not

3  reading, "[t]hey've memorized what's on those cue cards and they're going to respond to what

4  they've been taught."

5    47.    Dr. Karen Hopkins, M.D., Clinical Associate Professor of Pediatrics at New York

6  University School of Medicine, said that there is no evidence at all that memorizing the shapes of

7  letters at a young age can make a child a better reader.  With respect to Defendants' claims, she

8  said "I think it's misleading, I think it's false, and I think it raises false expectations."

9    48.    Maryanne Wolf, Ph.D., Professor of Child Development and Director of the Center

10  for Reading and Language Research at Tufts University, commented, "I know of not one single

11  study in which anyone says that children who learn to read before five do better later on.  I am a

12  reading expert.  I know of not one single study."  She also noted that the reality is that whoever is

13  behind this doesn't know either the brain or reading."  She characterized Defendants' claims as an

14  "extraordinary manipulation of facts."

15    49.    These experts say Defendants' extreme claims just target parents who would do

16  anything to make their kids smarter and that Defendants are preying on parents' vulnerability and

17  insecurity, just to make money.

18    50.    In another interview, Matthew Melmed, Executive Director of the Zero to Three

19  Foundation, National Center for Infants, Toddlers and Families said:

20    The lack of rigorous scientific review combined with the commercialization of the
      product leaves me a bit suspect.  Perhaps it impresses adults if a very young child
21    can repeat words like an orangutan, but it doesn't promote their long term-brain
      power.
22

23    51.    Mr. Melmed's reference to an orangutan is no exaggeration.  Indeed, the ability of

24  non-human primates to recognize the shape of words without using the Your Baby Can Read!

25  System is well-documented.  For example, Dr. Sally T. Boysen, Professor of Psychology at the

26  Ohio State University Chimpanzee Center has taught Bob the chimpanzee, to recognize about forty

27

28

CLASS ACTION COMPLAINT

EXHIBIT A
PAGE 18

1  different   words.    A   video   demonstration   of   Bob's   reading   skills   is   available   at

2  http://www.youtube.com/watch?v=266FV--FmGo.

3  **E.**      **Defendants' Money Back Guarantee Is Illusory**

4      52.    Like many products of dubious origin and quality, the Your Baby Can Read!

5  System is promoted with a money back guarantee.  Defendants' website touts a risk-free 30-day

6  guarantee, stating in bold type: *"GUARANTEED RESULTS OR YOUR MONEY BACK."*

7  This "risk free" guarantee is not what it claims to be for two reasons.

8      53.    First, the fine print of Defendants' website reveals that the guarantee is not risk free

9  because certain charges are not refundable.  The website reads as follows:  "All refunds will be in

10  the amount of the product price only.  Processing and return shipping charges are non-refundable."

11      54.    Second, the 30-day guarantee is illusory because Defendants claim that it takes well

12  more than thirty days to see any results.  The Your Baby Can Read! Parents' Guide, a booklet

13  included in the product packaging reads, "sometimes, with younger children, you can't tell if they

14  are learning to read away because they don't have the motor control or speaking ability to let your

15  know."

16      55.    Moreover, in one infomercial, excerpted below, Dr. Titzer admits that a parent

17  should expect no results from the Your Baby Can Read! System until the child has been using it for

18  at least six months:

19      HOST:              When will parents start to notice some impact, some results? ...

20      DR. TITZER:        You just need to be consistent about it for about six months for the
21                         younger babies, so if you have a six-month old baby, usually it takes
                           about six months, but some of the babies do take longer.

22      56.    Therefore, Defendants' guarantee expires during a period of time where no results

23  should be expected.  *By the time parents realize that the Your Baby Can Read! System is*

24  worthless, they are already five months too late to exercise their 30-day risk-free guarantee.

25

26

27

28

CLASS ACTION COMPLAINT

EXHIBIT _A_
PAGE _19_

## CLASS ACTION ALLEGATIONS

57.    Plaintiff brings this class action on behalf of herself and all others similarly situated as members of the proposed Class:  The proposed Class, which Plaintiff seeks to represent, is comprised of all individuals who purchased Your Baby Can Read! products within the four year period prior to the filing of this Complaint.  Excluded from the Class are Defendants, any entity in which Defendants have a controlling interest, and any of its subsidiaries, affiliates, and officers, directors of the entity Defendants, or employees, and any legal representative, heir, successor, or assignee of Defendants.

58.    This action has been brought and may properly be maintained as a class action pursuant to *California Code of Civil Procedure* §382, and case law thereunder, to which the California trial courts have been directed by the California Supreme Court to look for guidance.

59.    The members of the Class are so numerous that joinder of all members is impracticable.  While the exact number of Class members is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes, and on that basis alleges, that hundreds of thousands of persons are members of the Class.  The precise number of Class members and their addresses are unknown to Plaintiff.  Class members may be notified of the pendency of this action by published and/or mailed notice.

60.    There is a well-defined community of interest in the questions of law and fact affecting the parties represented in this action.

61.    Common questions of law and fact exist as to all members of the Class.  These common questions predominate over the questions affecting only individual Class members.

62.    The questions common to members of the Class are, *inter alia*:

(a)    whether Defendants advertise, or market the Your Baby Can Read! System in a way that is false or misleading;

(b)    whether the Your Baby Can Read! System fails to conform to the claims, which were published, disseminated and advertised to Plaintiff and the Class;

15

CLASS ACTION COMPLAINT

1              (c)      whether Defendants concealed from Plaintiff and the Class that the Your

2    Baby Can Read! System did not conform to its stated claims;

3              (d)      whether, by the misconduct set forth in this Complaint, Defendants have

4    engaged in unfair, fraudulent or unlawful business practices with respect to the advertising,

5    marketing and sales of the Your Baby Can Read! System;

6              (e)      whether Defendants violated the Unfair Competition Law;

7              (f)      whether Defendants violated the Consumer Legal Remedies Act;

8              (g)      whether Defendants breached their contracts with Plaintiff and the Class;

9              (h)      whether Defendants were unjustly enriched by their conduct; and

10             (i)      whether as a result of Defendants' misconduct as alleged herein, Plaintiff

11   and the Class are entitled to injunctive and monetary relief and, if so, the amount and nature of

12   such relief.

13         63.      Plaintiff's claims are typical of the claims of the members of the Class as all

14   members of the Class are similarly affected by Defendants' wrongful conduct.  Plaintiff has no

15   interests antagonistic to the interests of the other members of the Class.  Plaintiff and all members

16   of the Class have sustained economic injury arising out of Defendants' violations of common and

17   statutory law as alleged herein.

18         64.      Plaintiff is an adequate representative of the Class because her interests do not

19   conflict with the interests of the members of the Class she seeks to represent; she has retained

20   counsel competent and experienced in complex class action litigation; and intends to prosecute this

21   action vigorously.  The interests of members of the Class will be fairly and adequately protected by

22   Plaintiff and her counsel.

23         65.      A class action is superior to all other available methods for the fair and efficient

24   adjudication of this controversy since joinder of all members is impracticable.  Furthermore, as the

25   damages suffered by individual Class members may be relatively small, the expense and burden of

26   individual litigation make it impossible for members of the Class to individually redress the wrongs

27   done to them.  There will be no difficulty in the management of this class action.  Individualized

28                                          16
                              **CLASS ACTION COMPLAINT**

EXHIBIT  A
PAGE  21

1  litigation presents the potential for inconsistent or contradictory judgments.  A class action presents

2  far fewer management difficulties and provides the benefits of single adjudication, economy of

3  scale, and comprehensive supervision by a single court.

## COUNT I

### [Unfair Business Practices Act]
### *California Business & Professions Code §17200 et seq.*

6      66.      Plaintiff, on behalf of herself and on behalf of all others similarly situated, realleges

7  each and every allegation above as if fully set forth herein, and further alleges as follows.

8      67.      The Unfair Business Practices Act defines unfair business competition to include

9  any "unfair," "unlawful," or "fraudulent" business at or practice.   *California Business &*

10  *Professions Code* §17200.     Unfair competition also includes "unfair, deceptive, untrue or

11  misleading advertising."  The Act also provides for injunctive relief and restitution for violations.

12      68.  ·   Throughout the Class Period, Defendants committed acts of unfair competition, as

13  defined by §17200, by using unsubstantiated, false and misleading statements to promote the safe

14  of the Your Baby Can Read! System, as described above.

15      69.      Defendants' conduct is unfair in that the harm to Plaintiff and the Class arising from

16  Defendants' conduct outweighs the utility, if any, of those practices.

17      70.      Plaintiff and members of the Class have suffered injury and actual out of pocket

18  losses as a result of Defendants' unfair, unlawful, and fraudulent business acts and practices

19  because: (i) Plaintiff and the Class were induced to purchase an unproven, misrepresented product;

20  and (ii) Plaintiff and the Class were induced to pay substantially more for this product than they

21  would have paid if its true characteristics had not been concealed or misrepresented.

22      71.      Pursuant to *California Business & Professions Code* §17203, Plaintiff and the Class

23  are therefore entitled to: (a) an Order requiring Defendants to cease the acts of unfair competition

24  alleged herein; (b) full restitution of all monies paid to Defendants as a result of their deceptive

25  practices, including, but not limited to, disgorgement of all profits of the Your Baby Can Read!

26  Program; (c) interest at the highest rate allowable by law; and (d) the payment of Plaintiff's

27  attorneys' fees and costs pursuant to, *inter alia, California Code of Civil Procedure* §1021.5.

28

EXHIBIT _A_
PAGE ___22___

## COUNT II

### [Deceptive Practices]
### Consumer Legal Remedies Act, *California Civil Code* §1750 *et seq.*

### (Injunctive Relief Only)

72.    Plaintiff realleges and incorporates herein by reference each of the foregoing paragraphs.

73.    The policies, acts, and practices described in this Complaint were intended to and did result in the sale of Defendants' Your Baby Can Read! System to Plaintiff and the Class. Defendants' practices, acts, policies, and course of conduct violated the California Consumer Legal Remedies Act, *California Civil Code* §1750 *et seq.*, (the "CLRA"), in that, as described above:

(a)    Defendants represented that the Your Baby Can Read! System has sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which it does not have in violation of *California Civil Code* §1770(a)(5);

(b)    Defendants represented that Dr. Titzer, as the product's spokesman, has a sponsorship, approval, status, affiliation, or connection which he does not have in violation of *California Civil Code* §1770(a)(5);

(c)    Defendants represented that the Your Baby Can Read! System was of a particular standard or quality, when they were aware that it was of another in violation of §1770(a)(7) of the CLRA; and

(d)    Defendants represented that their 30-day risk-free money back guarantee confers or involves rights, remedies, or obligations which it does not have or involve, in violation of §1770(a)(14) of the CLRA.

74.    As a proximate result therefore, Plaintiff and the Class members have suffered *harm.*

75.    Prior to the filing of this Complaint, a CLRA notice letter was served on Defendants which complies in all respects with California Civil Code §1782(a).  Plaintiff sent Defendants a letter *via* certified mail, return receipt requested, advising Defendants that they are in violation of

**CLASS ACTION COMPLAINT**

EXHIBIT A
PAGE 23

1 | the CLRA and must correct repair, replace or otherwise rectify the goods alleged to be in violation

2 | of §1770.  Defendants were further advised that in the event that the relief requested has not been

3 | provided within (30) days, Plaintiff will amend this Complaint to include a request for monetary

4 | damages pursuant to the CLRA.

5 |       76.      Wherefore, Plaintiff seeks only injunctive relief for this violation of the CLRA at

6 | this time.

7 |

## COUNT III

8 |

### [Breach of Contract]

9 |       77.      Plaintiff realleges and incorporates herein by reference each of the foregoing

10 | paragraphs.

11 |       78.      Plaintiff and the Class contracted with Defendants for the purchase of the Your

12 | Baby Can Read! System.

13 |       79.      Defendants breached the contracts by making materially false representations about

14 | the Your Baby Can Read! System that were intended to be relied upon by Plaintiff and the Class.

15 |       80.      Plaintiff and the Class reasonably relied on those misrepresentations.

16 |       81.      Plaintiff and the Class were economically damaged by Defendants' breaches of

17 | contract because they received a product that was not as Defendants represented and was of a lower

18 | quality than Defendants represented.

19 |

## COUNT IV

20 |

### [Unjust Enrichment/Common Law Restitution]

21 |       82.      Plaintiff realleges and incorporates herein by reference each of the foregoing

22 | paragraphs.

23 |       83.      *In selling its Your Baby Can Read! System, Defendants have unjustly enriched*

24 | themselves.

25 |       84.      Defendants' retention of revenue from the sale of their Your Baby Can Read!

26 | System violates fundamental principles of justice, equity and good conscience.

27 |

28 |

**CLASS ACTION COMPLAINT**

EXHIBIT A
PAGE 24

1     85.    Accordingly, Plaintiff and the Class are entitled to restitution of the purchase price

2 and disgorgement of all wrongfully obtained revenue and such other and further relief as the Court

3 may deem just.

4                             **PRAYER FOR RELIEF**

5     WHEREFORE, Plaintiff requests on behalf of herself and other members of the Class,

6 *judgment against Defendants as follows:*

7     A.    An Order certifying the proposed Class herein under *California Code of Civil*

8 *Procedure* §382, and certifying Plaintiff as class representative and her undersigned counsel of

9 record to represent the Class;

10     B.    Awarding injunctive relief in favor of Plaintiff and the other Class members against

11 Defendants enjoining Defendants from pursuing the policies, acts and practices complained of

12 herein;

13     C.    Awarding injunctive relief requiring *Defendants to undertake an immediate public*

14 information campaign to inform members of the general public as to their prior practices and

15 notifying the members of the proposed Class as to the presence of potential restitutionary relief;

16     D.    For an award of appropriate damages to Plaintiff and the members of the Class;

17     E.    For an award of exemplary and/or punitive damages as appropriate to deter and

18 punish Defendants for its unfair and deceptive business practices;

19     F.    For an Order requiring disgorgement of Defendants' ill-gotten gains and to pay

20 restitution to Plaintiff and all members of the Class all funds acquired by means of any act or

21 practice declared by this Court to be an unlawful, fraudulent or unfair business act or practice, a

22 violation of laws, statutes or regulations, or constituting unfair competition;

23     G.    Awarding Plaintiff and the Class their reasonable costs and expenses incurred in this

24 action, including counsel fees and expert fees pursuant to *California Code of Civil Procedure*

25 §1021.5, the UCL, common law breach of contract and unjust enrichment; and

26     H.    Awarding such other and further relief as this Court may deem just and proper

27 including any extraordinary equitable relief and/or injunctive relief as permitted by law or equity to

28                            20

EXHIBIT A
PAGE 25

1 | attach, impound or otherwise restrict Defendants' assets to assure Plaintiff and the members of the

2 | Class have an effective remedy.

3 | ## JURY DEMAND

4 |     Plaintiff hereby demands a trial by jury.

5 | Dated: December 7, 2010                    Respectfully submitted,

6 |

7 |                  **REICH RADCLIFFE & KUTTLER LLP**

8 |            By:

9 |                  Adam T. Hoover (State Bar No. 243226)
                 Attorney for Plaintiff

10 |

11 |

12 |

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

21

**CLASS ACTION COMPLAINT**

EXHIBIT A<br>PAGE 26

**AFFIDAVIT OF TONDIA JOHNSON**

1.   I, Tondia Johnson, submit this affidavit pursuant to *California Civil Code* §1780(d) of the *Consumers Legal Remedies Act* and declare the following.

2.   I am the named plaintiff in the Complaint filed herewith and I am a resident of Antioch, Tennessee.

3.   *I purchased the "Your Baby Can Read!" product which is the subject of this Complaint,* in Antioch, Tennessee.

4.   The defendants Your Baby Can, LLC and Robert C. Titzer Ph.D conduct business in Los Angeles County, California where this action has been commenced.

5.   Moreover, the Terms and Conditions of this product provide that any action shall be brought and maintained "exclusively in the Superior Court of the State of California in Los Angeles."

I declare under penalty of perjury under the laws of the State of Tennessee that the foregoing is *true and correct. Executed this* ___ *day of December, 2010, at* _____ , Tennessee.

Tondia Johnson

**EXHIBIT** A
**PAGE** 27

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

Adam T. Hoover
Reich Radcliffe & Kuttler LLP
4675 MacArthur Court
Suite 550
Newport Beach, CA 92660
  TELEPHONE NO.: (949) 975-0512     FAX NO.: (949) 975-0514
ATTORNEY FOR (Name): Tondia Johnson
SUPERIOR COURT OF CALIFORNIA, COUNTY OF *Los Angeles*
  STREET ADDRESS: 111 North Hill Street
  MAILING ADDRESS: 111 North Hill Street
  CITY AND ZIP CODE: Los Angeles, CA 92660
  BRANCH NAME: Stanley Mosk Courthouse

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

DEC 08 2010

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
AMBER LAFLEUR-CLAYTON

CASE NAME: JOHNSON v. YOUR BABY CAN, LLC, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [x] Unlimited  [ ] Limited | [ ] Counter   [ ] Joinder | **BC450907** |
| (Amount demanded exceeds $25,000) (Amount demanded is $25,000 or less) | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: |
| | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

**1. Check one box below for the case type that best describes this case:**

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [x] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

**2.** This case [x] is  [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [ ] Large number of separately represented parties
b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. [ ] Substantial amount of documentary evidence
d. [ ] Large number of witnesses
e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. [ ] Substantial postjudgment judicial supervision

**3.** Remedies sought (check all that apply): a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [x] punitive

**4.** Number of causes of action (specify): 4; Unfair business practices.; Consumer Legal Remedies Act; Breach of contract; Unjust enrichment

**5.** This case [x] is  [ ] is not  a class action suit.

**6.** If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: December 7, 2010

Adam T. Hoover
_____       ▶ _____
(TYPE OR PRINT NAME)                (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Legal Solutions ® Plus

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10



EXHIBIT A
PAGE 28

BY FAX

| SHORT TITLE *JOHNSON v. YOUR BABY CAN, LLC, et al.* | CASE NUMBER B C 4 5 0 9 0 7 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

Item I.  Check the types of hearing and fill in the estimated length of hearing expected for this case:
JURY TRIAL? [x] YES  CLASS ACTION? [x] YES  LIMITED CASE? [ ] YES  TIME ESTIMATED FOR TRIAL [ ] HOURS/ [7] DAYS

Item II.  Select the correct district and courthouse location (4 steps – if you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column A, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column B below which best describes the nature of this case.

**Step 3:** In Column C, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

#### Applicable Reasons for Choosing Courthouse Location (See Column C below)

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|
| Auto (22) | [ ] A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| Uninsured Motorist (46) | [ ] A7110  Personal Injury/Property Damage/Wrongful Death -- Uninsured Motorist | 1., 2., 4. |
| Asbestos (04) | [ ] A6070  Asbestos Property Damage | 2. |
| | [ ] A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| Product Liability (24) | [ ] A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| Medical Malpractice (45) | [ ] A7210  Medical Malpractice - Physicians & Surgeons | 1., 2., 4. |
| | [ ] A7240  Other Professional Health Care Malpractice | 1., 2., 4. |
| Other Personal Injury Property Damage Wrongful Death (23) | [ ] A7250  Premises Liability (e.g., slip and fall) | 1., 2., 4. |
| | [ ] A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 2., 4. |
| | [ ] A7270  Intentional Infliction of Emotional Distress | 1., 2., 3. |
| | [ ] A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| Business Tort (07) | [x] A6029  Other Commercial/Business Tort (not fraud/breach of contract) | (1.) 2., 3. |
| Civil Rights (08) | [ ] A6005  Civil Rights/Discrimination | 1., 2., 3. |
| Defamation (13) | [ ] A6010  Defamation (slander/libel) | 1., 2., 3. |
| Fraud (16) | [ ] A6013  Fraud (no contract) | 1., 2., 3. |

*(left margin, vertical): Damage/Wrongful Death Tort    Damage/Wrongful Death Tort*

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 1 of 4


EXHIBIT A
PAGE 29

SHORT TITLE: JOHNSON v. YOUR BABY CAN, LLC, et al.          CASE NUMBER

| A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|
| Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | ☐ A6109  Labor Commissioner Appeals | 10. |
| Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction) | 2., 5. |
| | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 9. |
| Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation   Number of parcels _____ | 2. |
| Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | ☐ A6032  Quiet Title | 2., 6. |
| | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| Unlawful Detainer - Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer - Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer - Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |
| Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 2 of 4

EXHIBIT A
PAGE 30



| SHORT TITLE: *JOHNSON v. YOUR BABY CAN, LLC, et al.* | CASE NUMBER |
|---|---|

| **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|
| Writ of Mandate<br>(02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| Other Judicial Review<br>(39) | ☐ A6150  Other Writ / Judicial Review | 2., 8. |
| Antitrust/Trade<br>Regulation (03) | ☐ *A6003  Antitrust/Trade Regulation* | *1., 2., 8.* |
| Construction Defect (10) | ☐ A6007  Construction defect | 1., 2., 3. |
| Claims Involving Mass<br>Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| *Securities Litigation (28)* | ☐ *A6005  Securities Litigation Case* | *1., 2., 8.* |
| Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| Insurance Coverage<br>Claims from Complex<br>Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| Enforcement<br>of Judgment<br>(20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8. |
| RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| Other Complaints<br>(Not Specified Above)<br>(42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| Partnership Corporation<br>Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| Other Petitions<br>(Not Specified Above)<br>(43) | ☐ A6121  Civil Harassment<br>☐ A6123  Workplace Harassment<br>☐ A6124  Elder/Dependent Adult Abuse Case<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

*Side labels: Litigation / of Judgment / Complaints*

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**



EXHIBIT A<br>PAGE 31

| SHORT TITLE: JOHNSON v. YOUR BABY CAN, LLC, et al. | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C WHICH APPLIES IN THIS CASE | ADDRESS: |
|---|---|
| [X]1. []2. []3. []4. []5. []6. []7. []8. []9. []10. | *111  N. Hill St.* |
| CITY: *Los Angeles* | STATE: *CA* | ZIP CODE: *90012* | Terms and Conditions of product state that any action must be brought in the County of Los Angeles |

Item IV. *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the *foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the* Stanley Mosk courthouse in the Central District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: December 7, 2010

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)
Adam T. Hoover

---

### PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet form CM-010.

4. Complete Addendum to Civil Case Cover Sheet form LACIV 109 (Rev 01/07), LASC Approved 03-04.

5. Payment in full of the filing fee, unless fees have been waived.

6. Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

---

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

LASC, rule 2.0
Page 4 of 4

EXHIBIT A
PAGE 32

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

DEC 29 2010

John A. Clarke, Executive Officer/Clerk
BY_____, Deputy
Shaunya Wesley

MANATT, PHELPS & PHILLIPS, LLP
BRAD W. SEILING (Bar No. CA 143515)
CHAD S. HUMMEL (Bar No. CA 139055)
ERIN C. WITKOW (Bar No. CA 216994)
11355 West Olympic Boulevard
Los Angeles, CA 90064-1614
Telephone: (310) 312-4000
Facsimile: (310) 312-4224

Attorneys for Defendant
Your Baby Can LLC

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| TONDIA JOHNSON, on behalf of herself and all persons similarly situated, | Case No. BC450907 |
| Plaintiffs, | DEFENDANT YOUR BABY CAN READ LLC'S ANSWER TO COMPLAINT |
| vs. | Date Filed: November 18, 2010 |
| YOUR BABY CAN LLC; ROBERT TITZER, PhD, | Trial Date: None Set |
| Defendants. | |

Defendant Your Baby Can LLC ("YBC") answers the complaint of plaintiff Tondia Johnson ("Plaintiff") as follows:

### GENERAL DENIAL

Pursuant to Section 431.30(d) of the California Code of Civil Procedure, Defendant generally denies each and every allegation in the Complaint and denies that Plaintiff is entitled to the relief sought, or that Plaintiff has been damaged in any manner.

### AFFIRMATIVE DEFENSES

As separate and distinct affirmative defenses to the Complaint, Defendant alleges as follows:

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANT YOUR BABY CAN READ LLC'S ANSWER TO COMPLAINT

EXHIBIT A
PAGE 33

1

## FIRST AFFIRMATIVE DEFENSE

2

(Failure to State Facts Sufficient to Constitute Cause of Action)

3

The Complaint, and each of the causes of action, fails to state facts sufficient to constitute

4

a cause of action against Defendant.

5

## SECOND AFFIRMATIVE DEFENSE

6

(Lack of Standing)

7

On information an belief, Plaintiff lacks standing to sue under the Unfair Competition

8

Law, Cal. Bus. & Prof. Code § 17200 *et seq* ("UCL") because she has not suffered an injury in

9

fact and a loss of money or property.

10

## THIRD AFFIRMATIVE DEFENSE

11

(*Freedom of Speech*)

12

Because they constitute truthful and non-misleading speech, the advertisements

13

challenged in the Complaint are entitled to protection under the First Amendment of the United

14

States Constitution, as well as the right to free speech protected under the California Constitution.

15

## FOURTH AFFIRMATIVE DEFENSE

16

(Laches)

17

Plaintiff's action is barred by the equitable doctrine of laches.

18

## FIFTH AFFIRMATIVE DEFENSE

19

(Statutes of Limitations)

20

Each cause of action in the Complaint is barred by the relevant statute of limitations,

21

including but not limited to Code of Civil Procedure Sections 337(1), 338(a), (d), and (h), and

22

343, Cal. Bus. & Prof. Code § 17208, and any applicable contractual limitations period.

23

## SIXTH AFFIRMATIVE DEFENSE

24

(Unclean Hands)

25

Each cause of action in the Complaint is barred by the doctrine of unclean hands.

26

27

28

MANATT, PHELPS &
PHILLIPS, LLP.
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANT YOUR BABY CAN READ LLC'S ANSWER TO COMPLAINT

EXHIBIT A
PAGE 34

1

## SEVENTH AFFIRMATIVE DEFENSE

2

(Estoppel)

3

Plaintiff is estopped from claiming or recovering the damages and/or other relief sought in

4

the Complaint.

5

## EIGHTH AFFIRMATIVE DEFENSE

6

(Waiver)

7

Plaintiff, by her acts and/or omissions, has waived any right to recover for the causes of

8

action alleged in the Complaint.

9

## NINTH AFFIRMATIVE DEFENSE

10

(Consent)

11

Plaintiff consented to the acts alleged in the Complaint by voluntarily signing up for the

12

services provided by Defendant.

13

## TENTH AFFIRMATIVE DEFENSE

14

(Plaintiff Lacks Standing to Seek Injunctive Relief Under UCL)

15

Plaintiff lacks standing to seek injunctive relief under the UCL because she has no

16

ongoing contractual or other relationship with Defendant and, therefore, is not personally

17

threatened by the misconduct alleged.

18

## ELEVENTH AFFIRMATIVE DEFENSE

19

(Insubstantial Consumer Harm Precludes "Unfairness")

20

The harm to consumers, if any, from Defendant's alleged business practices is

21

insubstantial.  The absence of substantial injury to consumers precludes a finding of "unfairness"

22

and, accordingly, Plaintiff's UCL claim is without merit.

23

## TWELFTH AFFIRMATIVE DEFENSE

24

(The Challenged Practices' Utility Precludes "Unfairness" under UCL)

25

The harm, if any, attributable to Defendant's alleged business practices is outweighed by

26

the utility of those practices.  The presence of such countervailing utility precludes a finding of

27

"unfairness" and, accordingly, the UCL claim is without merit.

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

3

DEFENDANT YOUR BABY CAN READ LLC'S ANSWER TO COMPLAINT

EXHIBIT A
PAGE 35

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Countervailing Benefits to Consumers Preclude Unfairness under UCL)

The harm, if any, attributable to Defendant's alleged business practices is outweighed by countervailing benefits to consumers. The presence of such countervailing consumer benefits precludes a finding of "unfairness" and, accordingly, the UCL claim is without merit.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Conduct Not Unlawful)

The Complaint and alleged causes of action, and each of them, are barred because Defendant's practices as alleged are not "unlawful" under the UCL.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Conduct Not Fraudulent or Deceptive)

The Complaint and alleged causes of action, and each of them, are barred because Defendant's practices as alleged are not "fraudulent" or "deceptive" under the UCL.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Plaintiff's Claims Not Typical)

On information and belief, this case is not suitable for class certification because, among other reasons, Plaintiff's claims are not typical of the putative class she purports to represent.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Plaintiff Does Not Adequately Represent the Putative Class)

On information and belief, Plaintiff is not an adequate class representatives.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Common Issues Do Not Predominate)

On information and belief, class treatment is not proper because common issues of law and fact do not predominate over individual issues.

## NINETEENTH AFFIRMATIVE DEFENSE

### (No Basis for Attorneys' Fees)

The Complaint fails to state facts that would entitle Plaintiff to recover attorneys' fees.

EXHIBIT A
PAGE 36

## TWENTIETH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Defendant is informed and believes, and on that basis alleges, that at all times relevant, Plaintiff has failed, neglected and refused to mitigate damages, if any, thus barring, or at least reducing, any recovery to which Plaintiff might be entitled in this lawsuit.

WHEREFORE, Defendant prays as follows:

1. That Plaintiff take nothing by way of the complaint and that the complaint be dismissed;

2. That judgment be entered against Plaintiff and in favor of Defendant;

3. That Defendant be awarded its costs of suit herein; and

4. For such other and further relief as this Court deems just and proper.

Dated:     December 29, 2010

MANATT, PHELPS & PHILLIPS, LLP
Brad W. Seiling
Chad S. Hummel
Erin C. Witkow


By: _Brad Seiling_
Brad W. Seiling
*Attorneys for Defendant*
YOUR BABY CAN LLC

300194533.1

EXHIBIT A
PAGE 37

## PROOF OF SERVICE

*Tondia Johnson etc. v. YOUR BABY CAN, LLC*
Los Angeles County Superior Court Case No. BC450907

I, Paulette E. Surjue, declare as follows:

      I am employed in Los Angeles County, Los Angeles, California.  I am over the age of eighteen years and not a party to this action.  My business address is MANATT, PHELPS & PHILLIPS, LLP, 11355 West Olympic Boulevard, Los Angeles, California  90064-1614.  On December 29, 2010, I served the within:

DEFENDANT YOUR BABY CAN READ LLC'S ANSWER TO COMPLAINT

on the interested parties in this action addressed as follows:

*Attorneys for Plaintiffs*

Marc G. Reich, Esq.
Adam T. Hoover, Esq.
REICH RADCLIFFE & KUTTLER, LLP
4675 mACaRTHUR Court, Suite 550
Newport Beach, CA  92660
Telephone:  (949) 975-0512
Facsimile:  (949) 975-0514
E-Mail:  mgr@reichradcliffe.com
E-Mail:  adhoover@reichradcliffe.com

[X]    **(BY MAIL)** By placing such document(s) in a sealed envelope, with postage thereon fully prepaid for first class mail, for collection and mailing at Manatt, Phelps & Phillips, LLP, Los Angeles, California following ordinary business practice. I am readily familiar with the practice at Manatt, Phelps & Phillips, LLP for collection and processing of correspondence for mailing with the United States Postal Service, said practice being that in the ordinary course of business, correspondence is deposited in the United States Postal Service the same day as it is placed for collection.

[ ]    **(BY OVERNIGHT MAIL)** By placing such document(s) in a sealed envelope, for collection and overnight mailing at Manatt, Phelps & Phillips, LLP, Los Angeles, California following ordinary business practice. I am readily familiar with the practice at Manatt, Phelps & Phillips, LLP for collection and processing of overnight service mailing, said practice being that in the ordinary course of business, correspondence is deposited with the overnight messenger service, _____, for delivery as addressed.

PROOF OF SERVICE

EXHIBIT A
PAGE 38

1   ☐  **(BY PERSONAL SERVICE)** By causing such document(s) to be delivered by
    hand, as addressed by delivering same to_____ with instructions that
2   it be personally served.

3   ☐  **(BY FACSIMILE)** By transmitting (or causing to be transmitted) such
    document(s) by use of facsimile machine telephone number (310) 312-4224 at
4   _____ [time] to the parties at the facsimile numbers listed on the service list
    above. The facsimile machine used complies with California Rules of Court, Rule
5   2003(3). The transmission was reported as complete and no error was reported by
6   the machine. I caused the transmitting machine to print a record of the
    transmission, a copy of which is attached to this declaration.
7
8   ☐  **(BY ELECTRONIC MAIL)** By transmitting such document(s) electronically at
    [time] from my e-mail address, psurjue@manatt.com at Manatt, Phelps & Phillips,
9   LLP, Los Angeles, California, to the person(s) at the electronic mail addresses
    listed above.  The transmission was reported as complete and without error.
10
11  ☐  **(BY PUC E-MAIL SERVICE)** By transmitting such document(s) electronically
    from Manatt, Phelps & Phillips, LLP, Los Angeles, California, to the electronic
12  mail addresses listed above. I am readily familiar with the practices of Manatt,
    Phelps & Phillips, LLP for transmitting documents by electronic mail, said
13  practice being that in the ordinary course of business, such electronic mail is
    transmitted immediately after such document has been tendered for filing. Said
14  practice also complies with Rule 2.3(b) of the Public Utilities Commission of the
    State of California and all protocols described therein.
15

16          I declare under penalty of perjury under the laws of the State of California that the
    foregoing is true and correct and that this declaration was executed on December 29, 2010, at Los
17  Angeles, California.

18

19                                                          _____

20                                                          PAULETTE E. SURJUE

21

22  300194692.1

23

24

25

26

27

28

                                        2

COPY
CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

DEC 29 2010

John A. Clarke, Executive Officer/Clerk
BY
Shaunya Wesley , Deputy

1  CATES PETERSON LLP
   MARK D. PETERSON (Bar No. CA 126174)
2  E-Mail:  markpeterson@catespeterson.com
   4100 Newport Place, Suite 230
3  Newport Beach, California 92660
   Phone: (949) 724-1180
4  Facsimile: (949) 724-1190

5  *Attorneys for Defendant*
   Robert Titzer, Ph.D.

6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                  FOR THE COUNTY OF LOS ANGELES

10

11  TONDIA JOHNSON, on behalf of herself          Case No.  BC450907
    and all other persons similarly situated,
12                                                 DEFENDANT ROBERT TITZER, PH.D.'S
                   Plaintiffs,                     ANSWER TO PLAINTIFF'S UNVERIFIED
13                                                 COMPLAINT
           vs.
14                                                 Date Filed:  December 8, 2010
    YOUR BABY CAN LLC, a California
15  limited liability company; and ROBERT         Trial Date:   None Set
    TITZER, Ph.D., an individual, and DOES
16  1-100,

17                 Defendants.

18

19

20         Defendant Robert Titzer, Ph.D., answering the plaintiff's unverified complaint for himself

21  alone, responds as follows:

22                                    **GENERAL DENIAL**

23         1.  Pursuant to Section 431.30(d) of the California Code of Civil Procedure, Dr. Titzer

24  generally denies each and every allegation in the complaint and denies that plaintiff is entitled to

25  the relief sought, or that plaintiff has been damaged in any manner.

26                                  **AFFIRMATIVE DEFENSES**

27         2.  As separate and distinct affirmative defenses to the complaint, Dr. Titzer alleges as

28  follows:

                    ANSWER BY ROBERT TITZER, PH.D., TO UNVERIFIED COMPLAINT

EXHIBIT A
PAGE 40

## FIRST AFFIRMATIVE DEFENSE

(Failure to State Facts Sufficient to Constitute Cause of Action)

3. The complaint, and each of the causes of action, fails to state facts sufficient to constitute a cause of action against Dr. Titzer.

## SECOND AFFIRMATIVE DEFENSE

(Lack of Standing)

4. On information and belief, plaintiff lacks standing to sue under the Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq* ("UCL") because she has not suffered an injury in fact and a loss of money or property.

## THIRD AFFIRMATIVE DEFENSE

(Freedom of Speech)

5. Because they constitute truthful and non-misleading speech, the advertisements challenged in the complaint are entitled to protection under the First Amendment of the United States Constitution, as well as the right to free speech protected under the California Constitution.

## FOURTH AFFIRMATIVE DEFENSE

(Laches)

6. Plaintiff's action is barred by the equitable doctrine of laches.

## FIFTH AFFIRMATIVE DEFENSE

(Statutes of Limitations)

7. Each cause of action in the complaint is barred by the relevant statute of limitations, including but not limited to Code of Civil Procedure Sections 337(1), 338(a), (d), and (h) and 343, Cal. Bus. & Prof. Code § 17208, and any applicable contractual limitations period.

## SIXTH AFFIRMATIVE DEFENSE

(Unclean Hands)

8. Each cause of action in the complaint is barred by the doctrine of unclean hands.

2

EXHIBIT A
PAGE 41

## SEVENTH AFFIRMATIVE DEFENSE

(Estoppel)

9.  Plaintiff is estopped from claiming or recovering the damages and/or other relief sought in the complaint.

## EIGHTH AFFIRMATIVE DEFENSE

(Waiver)

10.  Plaintiff, by her acts and/or omissions, has waived any right to recover for the causes of action alleged in the complaint.

## NINTH AFFIRMATIVE DEFENSE

(Consent)

11.  Plaintiff consented to the acts alleged in the complaint by voluntarily signing up for the services provided by Your Baby Can, LLC.

## TENTH AFFIRMATIVE DEFENSE

(Plaintiff Lacks Standing to Seek Injunctive Relief Under UCL)

12.  Plaintiff lacks standing to seek injunctive relief under the UCL because she has no ongoing contractual or other relationship with Your Baby Can, LLC or Dr. Titzer and, therefore, is not personally threatened by the misconduct alleged.

## ELEVENTH AFFIRMATIVE DEFENSE

(Insubstantial Consumer Harm Precludes "Unfairness")

13.  The harm to consumers, if any, from Your Baby Can, LLC's or Dr. Titzer's alleged business practices is insubstantial.  The absence of substantial injury to consumers precludes a finding of "unfairness" and, accordingly, plaintiff's UCL claims are without merit.

## TWELFTH AFFIRMATIVE DEFENSE

(The Challenged Practices' Utility Precludes "Unfairness" under UCL)

14.  The harm, if any, attributable to Your Baby Can LLC's or Dr. Titzer's alleged business practices is outweighed by the utility of those practices.  The presence of such countervailing utility precludes a finding of "unfairness" and, accordingly, the UCL claims for relief are without merit.

3

EXHIBIT A

PAGE 42

1

2                  **THIRTEENTH AFFIRMATIVE DEFENSE**

3        (Countervailing Benefits to Consumers Preclude Unfairness under UCL)

4        15. The harm, if any, attributable to Your Baby Can LLC's or Dr. Titzer's alleged

5 business practices is outweighed by countervailing benefits to consumers.  The presence of such

6 countervailing consumer benefits precludes a finding of "unfairness" and, accordingly, the UCL

7 claims for relief are without merit.

8                  **FOURTEENTH AFFIRMATIVE DEFENSE**

9                      (Conduct Not Unlawful)

10        16. The complaint and alleged causes of action, and each of them, are barred because

11 Your Baby Can, LLC's and Dr. Titzer's practices as alleged are not "unlawful" within the

12 meaning of Cal. Bus. & Prof. Code §§ 17200 or 17500.

13                  **FIFTEENTH AFFIRMATIVE DEFENSE**

14             (Conduct Not Fraudulent or Deceptive)

15        17. The complaint and alleged causes of action, and each of them, are barred because

16 the alleged practices are not "fraudulent" or "deceptive" within the meaning of Cal. Bus. & Prof.

17 Code § 17200.

18                  **SIXTEENTH AFFIRMATIVE DEFENSE**

19              (Plaintiff's Claims Not Typical)

20        18. On information and belief, this case is not suitable for class certification because,

21 among other reasons, plaintiff's claims are not typical of the putative class she purports to

22 represent.

23                 **SEVENTEENTH AFFIRMATIVE DEFENSE**

24        (Plaintiff Does Not Adequately Represent the Putative Class)

25        19. On information and belief, plaintiff is not an adequate class representative for the

26 putative class.

27

28

4

EXHIBIT $A$
PAGE $43$

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Common Issues Do Not Predominate)

20. On information and belief, class treatment is not proper because common issues of law and facts do not predominate over individual issues.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Lack of Damages)

21. Plaintiff's damages, if any, are *de minimis*. Therefore, plaintiff cannot establish that class treatment would substantially benefit both the litigants and the court.

## TWENTIETH AFFIRMATIVE DEFENSE

### (No Basis for Attorneys' Fees)

22. The complaint fails to state facts that would entitle plaintiff to recover attorneys' fees.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

23. Dr. Titzer is informed and believes and, on that basis, alleges that at all times relevant, plaintiff has failed, neglected and refused to mitigate damages, if any, thus barring, or at least reducing, any recovery to which plaintiff might be entitled in this lawsuit.

WHEREFORE, Dr. Titzer prays as follows:

1. That plaintiff take nothing by way of the complaint and that the complaint be dismissed;

2. That judgment be entered against plaintiff and in favor of Dr. Titzer;

5

EXHIBIT A
PAGE 44

3. That Dr. Titzer be awarded his costs of suit; and

4. For such other and further relief as this Court deems just and proper.

Dated:  December 29, 2010            CATES PETERSON LLP

                                     By: _____
                                         Mark D. Peterson
                                         *Attorneys for Defendant*
                                         ROBERT TITZER, PH.D.

6

EXHIBIT A
PAGE 45

1

## PROOF OF SERVICE

2

*Tondia Johnson etc. v. YOUR BABY CAN, LLC*
Los Angeles County Superior Court Case No. BC450907

3

I, Paulette E. Surjue, declare as follows:

4

5

6

I am employed in Los Angeles County, Los Angeles, California.  I am over the age of eighteen years and not a party to this action.  My business address is MANATT, PHELPS & PHILLIPS, LLP, 11355 West Olympic Boulevard, Los Angeles, California  90064-1614.  On December 29, 2010, I served the within:

7

8

DEFENDANT ROBERT TITZER, PH.D.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

9

10

on the interested parties in this action addressed as follows:

*Attorneys for Plaintiffs*

11

12

13

14

15

16

Marc G. Reich, Esq.
Adam T. Hoover, Esq.
REICH RADCLIFFE & KUTTLER, LLP
4675 mACaRTHUR Court, Suite 550
Newport Beach, CA  92660
Telephone:  (949) 975-0512
Facsimile:  (949) 975-0514
E-Mail:  mgr@reichradcliffe.com
E-Mail:  adhoover@reichradcliffe.com

17

18

19

20

21

22

[x] **(BY MAIL)** By placing such document(s) in a sealed envelope, with postage thereon fully prepaid for first class mail, for collection and mailing at Manatt, Phelps & Phillips, LLP, Los Angeles, California following ordinary business practice. I am readily familiar with the practice at Manatt, Phelps & Phillips, LLP for collection and processing of correspondence for mailing with the United States Postal Service, said practice being that in the ordinary course of business, correspondence is deposited in the United States Postal Service the same day as it is placed for collection.

23

24

25

26

27

[ ] **(BY OVERNIGHT MAIL)** By placing such document(s) in a sealed envelope, for collection and overnight mailing at Manatt, Phelps & Phillips, LLP, Los Angeles, California following ordinary business practice. I am readily familiar with the practice at Manatt, Phelps & Phillips, LLP for collection and processing of overnight service mailing, said practice being that in the ordinary course of business, correspondence is deposited with the overnight messenger service, _____, for delivery as addressed.

28

PROOF OF SERVICE

EXHIBIT A

PAGE 46

1
2
☐  **(BY PERSONAL SERVICE)** By causing such document(s) to be delivered by hand, as addressed by delivering same to_____ with instructions that it be personally served.

3
4
5
6
7
☐  **(BY FACSIMILE)** By transmitting (or causing to be transmitted) such document(s) by use of facsimile machine telephone number (310) 312-4224 at _____ [time] to the parties at the facsimile numbers listed on the service list above. The facsimile machine used complies with California Rules of Court, Rule 2003(3). The transmission was reported as complete and no error was reported by the machine. I caused the transmitting machine to print a record of the transmission, a copy of which is attached to this declaration.

8
9
☐  **(BY ELECTRONIC MAIL)** By transmitting such document(s) electronically at [time] from my e-mail address, psurjue@manatt.com at Manatt, Phelps & Phillips, LLP, Los Angeles, California, to the person(s) at the electronic mail addresses listed above. The transmission was reported as complete and without error.

10
11
12
13
14
15
☐  **(BY PUC E-MAIL SERVICE)** By transmitting such document(s) electronically from Manatt, Phelps & Phillips, LLP, Los Angeles, California, to the electronic mail addresses listed above. I am readily familiar with the practices of Manatt, Phelps & Phillips, LLP for transmitting documents by electronic mail, said practice being that in the ordinary course of business, such electronic mail is transmitted immediately after such document has been tendered for filing. Said practice also complies with Rule 2.3(b) of the Public Utilities Commission of the State of California and all protocols described therein.

16
17
        I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on December 29, 2010, at Los Angeles, California.

18
19
20
                                        _____
                                        PAULETTE E. SURJUE

21
22
23
24
25
26
27
28
300194692.1

2

**EXHIBIT** A
**PAGE** 47

**EXHIBIT**

PROOF OF SERVICE

# EXHIBIT B

1   CATES PETERSON LLP
    Mark D. Peterson (Bar No. CA 126174)
2   4100 Newport Place, Suite 230
    Newport Beach, California 92660
3   Phone: (949) 724-1180
    Facsimile: (949) 724-1190
4
    *Attorneys for Defendant*
5   Robert Titzer, Ph.D.

6

7

8                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                         FOR THE COUNTY OF LOS ANGELES

10

11  TONDIA JOHNSON, on behalf of herself        Case No.  BC450907
    and all persons similarly situated,
12                                              CLASS ACTION
              Plaintiffs,
13                                              NOTICE TO THE CLERK OF THE LOS
                                                ANGELES COUNTY SUPERIOR COURT
14        vs.                                   AND TO ADVERSE PARTIES OF
                                                REMOVAL OF ACTION TO FEDERAL
15  YOUR BABY CAN, LLC, a California            DISTRICT COURT
    limited company; and ROBERT TITZER,
16  Ph.D., an individual, and DOES 1-100,

17           Defendant.

18

19        TO THE CLERK OF THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

20  FOR THE COUNTY OF LOS.ANGELES AND TO ALL ADVERSE PARTIES AND THEIR

21  ATTORNEYS OF RECORD:

22        PLEASE TAKE NOTICE that on January 3, 2011, Defendant Robert Titzer, Ph.D.

23  ("Titzer") caused to be filed a Notice of Removal of Civil Action to United States District Court

24  for the Central District of California ("Notice of Removal").  Pursuant to 28 U.S.C. Section

25  1446(d), the filing of a copy of the Notice of Removal with the Clerk of this Court effects the

26  removal of this action.  This Court may not proceed further unless and until the action is

27  remanded.

28

────────────────────────────────────────────────────
NOTICE OF REMOVAL OF ACTION TO FEDERAL DISTRICT COURT

EXHIBIT _B_
PAGE _48_

1    Attached as **Exhibit 1** is a true and correct copy of the Notice of Removal of Civil Action

2    to the United States District Court and all documents filed concurrently with and in support of the

3    Notice of Removal.

4    Dated: January 3, 2011                         CATES PETERSON LLP

5

6                                                   By: *Mark Peterson*

7                                                   ─────────────────────────
                                                    Mark D. Peterson                *by BS*
                                                    Cates Peterson LLP

8                                                   *Attorneys for Defendant*
                                                    ROBERT TITZER, PH.D.

9

10

11   300195244.1

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

1

## PROOF OF SERVICE

2

***Tondia Johnson, et al. v. Your Baby Can, LLC, Robert Titzer Ph.D. et al.***
United States District Court, Central District of California

3

4

I, Paulette E. Surjue, declare as follows:

5

I am employed in Los Angeles County, Los Angeles, California.  I am over the age of eighteen years and not a party to this action.  My business address is MANATT, PHELPS & PHILLIPS, LLP, 11355 West Olympic Boulevard, Los Angeles, California  90064-1614.  On January 3, 2011, I served the within:

6

7

NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT UNDER 28 U.S.C. §§ 1441 AND 1446

8

9

on the interested parties in this action addressed as follows:

10

| ***Attorneys for Plaintiffs*** | ***Attorneys for Defendant Your Baby Can LLC*** |
|---|---|
| Marc G. Reich, Esq.<br>Adam T. Hoover, Esq.<br>REICH RADCLIFFE & KUTTLER LLP<br>4675 MacArthur Court, Suite 550<br>Newport Beach, CA  92660<br>Telephone:  (949) 975-0512<br>Facsimile:  (949) 975-0514<br>E-Mail: mgr@reichradcliffe.com<br>E-Mail: adhoover@reichradcliffe.com | Brad W. Seiling, Esq.<br>Chad S. Hummel, Esq.<br>Erin C. Witkow, Esq.<br>MANATT, PHELPS & PHILLIPS<br>11355 W. Olympic Boulevard<br>Los Angeles, CA  90064<br>Telephone:  (310) 312-4000<br>Facsimile:  (310) 312-4224<br>E-Mail: bseiling@manatt.com<br>E-Mail: chummel@manatt.com<br>E-Mail: ewitkow@manatt.com |

11

12

13

14

15

16

17

18

☒    **(BY MAIL)** By placing such document(s) in a sealed envelope, with postage thereon fully prepaid for first class mail, for collection and mailing at Manatt, Phelps & Phillips, LLP, Los Angeles, California following ordinary business practice. I am readily familiar with the practice at Manatt, Phelps & Phillips, LLP for collection and processing of correspondence for mailing with the United States Postal Service, said practice being that in the ordinary course of business, correspondence is deposited in the United States Postal Service the same day as it is placed for collection.

19

20

21

22

23

24

25

26

27

28

300195076.1

☐ **(BY OVERNIGHT MAIL)** By placing such document(s) in a sealed envelope, for collection and overnight mailing at Manatt, Phelps & Phillips, LLP, Los Angeles, California following ordinary business practice. I am readily familiar with the practice at Manatt, Phelps & Phillips, LLP for collection and processing of overnight service mailing, said practice being that in the ordinary course of business, correspondence is deposited with the overnight messenger service, _____, for delivery as addressed.

☐ **(BY PERSONAL SERVICE)** By causing such document(s) to be delivered by hand, as addressed by delivering same to _____ with instructions that it be personally served.

☐ **(BY FACSIMILE)** By transmitting (or causing to be transmitted) such document(s) by use of facsimile machine telephone number (310) 312-4224 at _____ [time] to the parties at the facsimile numbers listed on the service list above. The facsimile machine used complies with California Rules of Court, Rule 2003(3). The transmission was reported as complete and no error was reported by the machine. I caused the transmitting machine to print a record of the transmission, a copy of which is attached to this declaration.

☐ **(BY ELECTRONIC MAIL)** By transmitting such document(s) electronically at  [time] from my e-mail address, psurjue@manatt.com at Manatt, Phelps & Phillips, LLP, Los Angeles, California, to the person(s) at the electronic mail addresses listed above.  The transmission was reported as complete and without error.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made and that the foregoing is true and correct.

Executed on January 3, 2011, at Los Angeles, California.

_____
PAULETTE E. SURJUE

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Gary A. Feess and the assigned discovery Magistrate Judge is Andrew J. Wistrich.

The case number on all documents filed with the Court should read as follows:

## CV11- 27 GAF (AJWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=============================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)          NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

COPY

| | |
|---|---|
| **I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)<br>Tondia Johnson, on behalf of herself and all other persons similarly situated | **DEFENDANTS**<br>Your Baby Can, LLC, a California limited liability company; and Robert Titzer, Ph.D., an individual, and Does 1-100 |
| **(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br>Marc G. Reich (Bar No. CA 159936)<br>REICH RADCLIFFE & KUTTLER LLP<br>4675 MacArthur Court, Suite 550<br>Newport Beach, CA 92660<br>Telephone: (949) 975-0512 | Attorneys (If Known)<br>Mark D. Peterson (Bar No. CA 126174)<br>CATES PETERSON LLP<br>4100 Newport Place, Suite 230<br>Newport Beach, CA 92660<br>Phone: (949) 724-1180 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding    ☒ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify):    ☐ 6 Multi-District Litigation    ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☒ Yes ☐ No    ☐ **MONEY DEMANDED IN COMPLAINT: $** _____

**VI. CAUSE OF ACTION** (Cite the U. S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 22 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE/ PENALTY | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | SOCIAL SECURITY |
| ☒ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | ☐ 61 HIA(1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities – Employment | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | IMMIGRATION | ☐ 446 American with Disabilities -- Other | ☐ 640 R.R.& Truck | ☐ 863 DIWC/DIWW 405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | ☐ 690 Other | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

CV11· 00027

**FOR OFFICE USE ONLY:** Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

American LegalNet, Inc.
www.FormsWorkflow.com

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☐ No ☒ Yes

If yes, list case number(s): CV10-09989

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☒ A. Arise from the same or closely related transactions, happenings, or events; or
☒ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☒ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | Tennessee |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | San Diego County |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
   **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | Tennessee |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): *Mark Peterson by BS*   Date December 30, 2010
Mark D. Peterson

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

American LegalNet, Inc.
www.FormsWorkflow.com